IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BRIAN JOSHUA BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14CV878 |
| | ) | |
| DURHAM COUNTY S.W.A.T. TEAM, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court upon Plaintiff Brain Joshua Baker's Motion for Entry of Default Judgment (Docket Entry 42) and Defendants Durham County Police Department, Durham S.E.T. (Selective Enforcement Team), and the City of Durham's Motion to Set Aside Entry of Default and in Opposition to Plaintiff's Motion for Entry of Default Judgment. (Docket Entry 43.) For the following reasons, the Court recommends that Plaintiff's Motion (Docket Entry 42) be denied and Defendants' Motion (Docket Entry 43) be granted.

## I. BACKGROUND

Plaintiff, a prisoner of the State of North Carolina, filed this action pursuant to 42 U.S.C. § 1983 on October 20, 2014, against Defendants Durham County S.W.A.T. and Det. J.E. Franklin, alleging that he was brutally beaten, assaulted, and illegally detained by the Durham S.W.A.T. Team during the course of the execution of a search warrant at his girlfriend's house. (Compl., Docket Entry 2 at 3-5.) On May 28, 2015, Plaintiff filed an

1

Amended Complaint and added the City of Durham, Durham Police Department, and Durham S.E.T. as defendants.[1] (Am. Compl., Docket Entry 18.) Subsequently, the newly added Defendants were served. (Docket Entries 27, 28.) Defendants failed to file a response. On February 8, 2016, the Clerk of Court entered a Partial Entry of Default against the City of Durham, Durham Police Department, and Durham S.E.T. (Docket Entry 41.) Subsequently, Plaintiff filed a Motion for Entry of Default Judgment. (Docket Entry 42.) In response, Defendants filed a Motion to Set Aside Entry of Default and in Opposition to Plaintiff's Motion for Entry of Default Judgment. (Docket Entry 43.) Next, Plaintiff filed an untimely response to Defendants' Motion to Set Aside Entry of Default. (Docket Entry 45.)

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a properly served defendant who fails to plead or otherwise defend against the allegations in the complaint. Fed. R. Civ. P. 55(b)(2). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citing *Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990)). "A court must 'exercise sound judicial discretion' in deciding whether to enter default judgment, and 'the moving party is not

---

[1] Defendants Durham S.W.A.T. Team and Det. J.E. Franklin have been terminated from this action. Det. J.E. Franklin was voluntarily dismissed (Docket Entry 40). The Durham S.W.A.T. Team was replaced by Durham S.E.T. in Plaintiff's Amended Complaint. (Docket Entries 16, 17, 18.)

2

entitled to default judgment as a matter of right.'" *Reynolds Innovations, Inc. v. E-CigaretteDirect, LLC*, 851 F. Supp. 2d 961, 962 (M.D.N.C. 2012) (citing *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982)).

Additionally, "[t]he Court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). The Fourth Circuit has held that the factors used to determine if there is "good cause" to set aside an entry of default are "(1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 205 (4th Cir. 2006). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

### III. DISCUSSION

In support of his Motion for Entry of Default Judgment, Plaintiff contends that all Defendants were served and failed to file a response. (Docket Entry 42 at 1.) To the contrary, Defendants contend: (1) the Court lacks personal jurisdiction over Defendants thereby requiring the Entry of Default to be set aside, and (2) Durham S.E.T. and the Durham Police Department are not entities that have the legal capacity to be sued. (Docket Entry 43 at 5-11.)

**Plaintiff Failed to Comply with Rule 4 of the Federal Rules of Civil Procedure with Respect to the City of Durham**

Pursuant to the Fourth Circuit's six factor analysis, the City of Durham has shown

3

good cause for the Court to set aside an entry of default. First, the City of Durham has a meritorious defense against Plaintiff's claim. The City of Durham contends that because Plaintiff failed to properly serve Defendants, the Court does not have jurisdiction over them. "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998); *Reynolds Innovations*, 851 F. Supp. 2d at 962; *U.S. ex rel. Metromont Corp. v. S.J. Constr., Inc.*, No. 1:09CV745, 2010 WL 2793919, at *5 (M.D.N.C. July 15, 2010) ("If service of process is not valid, a district court lacks jurisdiction over a defendant."). Pursuant to Rule 4(j)(2) of the Federal Rules of Civil Procedure, to properly serve "[a] state, a municipal corporation, or any other state-created governmental organization," a plaintiff may "either serve a copy of the summons and the complaint on its chief executive officer or in the manner prescribed by state law for serving process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)-(B); *Evans v. Griffin*, No. 14CV1091, 2015 WL 5577486, at *2 (M.D.N.C. Sept. 22, 2015) (requiring a pro se plaintiff to follow Rule 4(j)(2) and properly serve the City of Greensboro after he erroneously served the city attorney). In addition, North Carolina allows a plaintiff to serve the city's mayor, city manager, or clerk. N.C. R. Civ. P. 4(j)(5).

Durham's Code of Ordinances does not refer to a "chief executive officer" as a top ranking position that oversees the City's operations, however the City's administrative head is the city manager. Durham, N.C., Code of Ordinances ch. IV, art. 1, § 16. Therefore, the Court finds that Durham's administrative head is its chief executive. *See Evans*, 2015 WL 5577486, at *2 (agreeing with the City of Greensboro's contention that the city manager is the
4

chief executive because the city manager is the administrative head). Plaintiff did not serve the Mayor, City Manager, or Clerk of the City. Thus, Plaintiff did not comply with the Federal or North Carolina Rules of Civil Procedure.

Tim Terry, a duplicating Equipment Operator for the City of Durham, received the summons and complaint. (Terry Aff. ¶¶ 2-3, Docket Entry 44-1.) According to Mr. Terry, "two pieces of certified mail were delivered to the City's mail room." (*Id.* ¶ 3.) One piece of certified mail was addressed to "City of Durham, Attn: Registered Agent" and the second was addressed to "Durham S.E.T. (Selective Enforcement Team), Attn: Registered Agent." (*Id.* ¶ 3, Ex. A, B.) Entities such as corporations and partnerships may be properly served by delivering the summons and the complaint to an authorized agent; however, the North Carolina Rules of Civil Procedure specifically state that the summons and the complaint must be addressed to the mayor, city manager, or clerk to properly serve a city. N.C. R. Civ. P. 4(j)(5)-(7). Mr. Terry "placed [the certified mail] into the City's interoffice delivery channels for delivery to the Office of the City Attorney." (Terry Aff. ¶ 4, Docket Entry 44-1). Mr. Terry states that he has not, and has never been, authorized to receive any legal documents on behalf of anyone employed by the City of Durham. (*Id.* ¶¶ 6-10.) Thus, the City of Durham was not properly served.

In his response, Plaintiff contends that even if the City of Durham was not properly served, it "was made aware of Plaintiff's intentions" to file suit against it. (Docket Entry 45 at 1.) The Court notes that the City of Durham may have had actual notice of service. Nonetheless, "[a]ctual notice of a lawsuit is insufficient to confer jurisdiction over the person

of a defendant, and improper service of process, even if it results in notice, is not sufficient to confer such personal jurisdiction." *Land v. Food Lion, LLC*, No. 3:12-CV-00006-GCM, 2012 WL 1669678, at *3 (W.D.N.C. May 14, 2012); *Shaver v. Cooleemee Volunteer Fire Dept'*, No. CIV.A. 1:07CV00175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008) (finding the plaintiff's argument that actual notice of a lawsuit "should trump the service requirement" was meritless); *Adams v. GE Money Bank*, No. 1:06CV00227, 2007 WL 1847283, at *3 (M.D.N.C. June 25, 2007) (finding that a pro se plaintiff's failure to serve the proper statutory recipients required dismissal even though the defendants received actual notice of the lawsuit). The fact that the City of Durham may have been aware of the lawsuit is insufficient to establish the Court's jurisdiction over the City of Durham.[2]

The remaining factors have been met to show good cause to set aside the entry of default. As shown above, the City of Durham has a meritorious defense against Plaintiff's claim. Second, the City of Durham acted with reasonable promptness to set aside the entry

---

[2] Plaintiff also asserts that he was not aware and was never informed of how to properly serve the City of Durham. (Docket Entry 45 at 1.) Plaintiff also contends that even if Mr. Terry was not authorized to be served on behalf of the City of Durham he "assume[d] the authority and responsibility when [he] . . . signed as 'Registered Agent' and received the summons and compliant." (*Id.*) While pro se litigants are given "latitude to correct defects in service of process and pleadings," such leniency should not be expanded to encompass granting a Motion for Default Judgment allowing an award of $1,000,000. *Compare Miller v. Nw. Region Library Bd.*, 348 F. Supp. 2d 563, 567 (M.D.N.C. 2004) (allowing the plaintiff to correct defects in service and process), *with Reynolds Innovations, LLC*, 851 F. Supp. 2d 961, 963 (M.D.N.C. 2012) (refusing to enter default judgment because of questions concerning service of process). There is a significant difference between allowing a pro se litigant to correct defects to perfect service and process, and granting a default judgment after a pro se litigant improperly served a defendant. Furthermore, serving an unauthorized person cannot be deemed sufficient to meet the requirements of Rule 4(j)(2) even if the unauthorized person accepts the documents. *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003) ("Service of process cannot be effected upon Defendant by serving at his place of employment individuals who are not authorized to accept service of process.").

of default. The Entry of Default was entered on February 8, 2016, and the Motion to Set Aside the Default was filed on February 29, 2016. Third, there is no evidence of dilatory action by the City of Durham. Fourth, Plaintiff would not be prejudiced if the entry of default is set aside, because litigation is in its early stages, and the parties have not yet engaged in discovery. Fifth, neither party has suggested alternative sanctions, but given Plaintiff's failure to effect proper service of process, such a remedy is inappropriate under the circumstances. Finally, it is unclear whether the City of Durham or its Attorney was responsible for the default; nevertheless, even if the City of Durham is responsible, the majority of the factors weigh heavily in the City of Durham's favor. Therefore, Defendants Motion to Set Aside Entry of Default, with respect to the City of Durham, should be granted.

**Durham Police Department and Durham S.E.T. Lack the Legal Capacity to Be Sued**

Next, Defendants have shown good cause to set aside the Entry of Default with respect to the Durham Police Department and Durham S.E.T. Defendants argue that Durham Police Department and Durham S.E.T. are entities that do not have the legal capacity to be sued. Defendants submitted the affidavit of the City Attorney Patrick W. Baker addressing the organizational structure of the Durham Police Department and Durham S.E.T. Attorney Baker states that the Durham Police Department is merely an arm of the City of Durham's Government and is not a separate legal entity that has the capacity to be sued. (Baker Aff. ¶ 5, Docket Entry 44-3.) Attorney Baker further states that Durham S.E.T. is merely a unit within the Durham Police Department. (Id. ¶ 6.)

"Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity to sue

7

or be sued shall be determined by the law of the state in which the district court is located." *Dash v. Walton*, No. 1:99CV00350, 2000 WL 1229264, at *2 (M.D.N.C. July 17, 2000). "In North Carolina a municipal agency is not an entity that may be sued." *El-Bey v. City of Thomasville*, No. 1:11CV413, 2012 WL 1077896, at *3 (M.D.N.C. Mar. 30, 2012), *report and recommendation adopted*, No. 1:11CV413, 2013 WL 5461819 (M.D.N.C. Sept. 30, 2013). Furthermore, "[u]nder North Carolina law, a police department is not an independent legal entity with the capacity to sue and be sued." *Townsend v. City of Fayetteville*, No. 5:13-CV-195-FL, 2013 WL 2240996, at *1 (E.D.N.C. May 21, 2013); *Wright v. Town of Zebulon*, 202 N.C. App. 540, 543, 688 S.E.2d 786, 789 (2010) ("In North Carolina there is no statute authorizing suit against a police department."). Moreover, this Court has specifically held that the "Police Department of Durham County of North Carolina" is not a legal entity. *Johnson v. City of Durham*, No. 1:11CV658, 2014 WL 4923280, at *1 (M.D.N.C. Sept. 30, 2014). Thus, Defendant's Motion to Set Aside Entry of Default as to the Durham Police Department, including Durham S.E.T., is proper because these entities constitute one organization that is simply "a component of the municipality, and, therefore, lacks the capacity to be sued." *Wright*, 202 N.C. App. at 543, 688 S.E.2d at 789. Therefore, Defendants have demonstrated good cause to set aside the Entry of Default.

## IV. CONCLUSION

For the reasons stated herein, **IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion for Entry of Default Judgment (Docket Entry 42) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Defendants' Motion to Set Aside Entry

of Default and in Opposition to Plaintiff's Motion for Entry of Default Judgment (Docket Entry 43) be **GRANTED**.

／s／ Joe L. Webster
United States Magistrate Judge

May 5, 2016
Durham, North Carolina