IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRIAN JOSHUA BAKER,            )
                               )
            Plaintiff,         )
                               )
      v.                       )      1:14CV878
                               )
CITY OF DURHAM, et al.,        )
                               )
            Defendants.        )
                               )

**ORDER**

This matter is before this court for review of the Memorandum Opinion and Recommendation ("Recommendation") filed on July 13, 2018, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 104.) In the Recommendation, the Magistrate Judge recommends that Defendant Dorothea Alene Rosencrans motion to dismiss for failure to state a claim, (Doc. 77), and motion for summary judgment, (Doc. 93), be granted. The Recommendation was served on the parties to this action on July 13, 2018. (Doc. 105.) Plaintiff filed objections. (See Docs. 106, 108.) However, those objections, as will be explained further hereafter, are directed to Text Orders dated June 11, 2018 and July 13, 2018, by the Magistrate Judge denying Plaintiff's motion to compel, (Doc. 85), and denying Plaintiff's

motion to extend the deadline for completion of discovery, (Doc. 83).

This court finds that Plaintiff's motions, (Docs. 106, 108), should be and are hereby construed as objections to the Magistrate Judge's orders, (Text Order dated June 11, 2018 ("June 11th Order"), and Text Order dated July 13, 2018 ("July 13th Order")), denying Plaintiff's motions. After careful review, this court finds that Plaintiff's objections, (Docs. 106, 108), should be overruled and the Magistrate Judge's orders affirmed.

This case has an unusual and confusing history. As a result, this court finds it necessary to review certain aspects of the procedural history in order to explain why Plaintiff's objections should be overruled.

I. **RELEVANT PROCEDURAL HISTORY**

Plaintiff, a prisoner of the State of North Carolina and proceeding pro se, filed his original Complaint on October 20, 2014. (Doc. 2.) After a number of motions and proceedings, Plaintiff filed a Second Amended Complaint on January 9, 2017, (Second Amended Complaint ("Second Am. Compl.") (Doc. 62)), which is the currently operative pleading. The Second Amended Complaint names as Defendants the City of Durham; David Todd Rose, Durham Assistant Chief of Police; Dorothea Alene

Rosencrans, Sergeant of Criminal Investigations for the City of Mebane; Jose Luis Lopez, Sr., former Durham Chief of Police; and John Does 1-6. (Second Am. Compl. (Doc. 62) ¶¶ 3-12.) Defendants Lopez and Rose are represented by the same counsel and filed separate Answers to the Second Amended Complaint. (Docs. 67, 73.) Defendant Rosencrans is represented by different counsel and filed her own Answer to the Second Amended Complaint. (Doc. 71.) Defendant City of Durham inexplicably did not file an Answer to the Second Amended Complaint until October 19, 2017, (Doc. 76), more than sixty days after the Second Amended Complaint was allowed and three days after Plaintiff filed a motion for entry of default against Defendant City of Durham. (See Docs. 75, 76.)

In addition to an Answer, Defendant Rosencrans also filed a motion to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 77.) Plaintiff filed a response, (Doc. 81), and Defendant Rosencrans filed a reply, (Doc. 87). The parties completed briefing on March 16, 2018. (See Doc. 87.)

The Magistrate Judge entered a discovery order on August 25, 2017, placing the case on the standard discovery track and scheduling completion of discovery for February 26, 2018. (Doc. 74.) That same order required that any motion for summary judgment be filed on or before March 28, 2018. (Id.)

On March 2, 2018, Plaintiff filed a motion for extension of time to complete discovery, (Doc. 83)[1], and a motion to compel discovery from Defendant City of Durham. (Plaintiff's Motion to Compel ("Pl.'s Mot. to Compel") (Doc. 85)). Both motions are dated February 25, 2018. (See Docs. 83, 85.) Bearing in mind the Magistrate Judge established a discovery period of August 25, 2017 through February 26, 2018, it appears from Plaintiff's statement of facts that Plaintiff did not serve discovery on Defendant City of Durham until November 12, 2017, almost three months after discovery began, and thereafter did not take any steps to compel responses from Defendant City of Durham until three months later and one day before the discovery period was scheduled to end. (See Doc. 83.) Plaintiff's motions allege no irregularities in discovery as to Defendants Lopez, Rose, or Rosencrans.

In its June 11th Order, the Magistrate Judge denied Plaintiff's motion to compel discovery and motion for extension

---

[1] Plaintiff argues, under the prisoner mailbox rule, that his motion to compel and motion to extend the discovery deadline were filed on February 25, 2018, a day before the discovery period was scheduled to end. The Magistrate Judge found the motions were not timely filed, and it is certainly questionable whether filing those motions the day before a six-month discovery period ends reflects a timely filing. Nevertheless, because of the other grounds for this order explained herein, this court does not address the timeliness of Plaintiff's filings.

of time to complete discovery. (June 11th Order.) The Magistrate Judge explained that "Plaintiff failed to set forth good cause for extending discovery. See Local Rule 26.1(d). In addition, Plaintiff's Motion was not timely filed." (June 11th Order.) The Magistrate Judge also denied Plaintiff's motion to compel as moot, explaining that "Defendant City of Durham provided Plaintiff with responses to all five of Plaintiff's discovery requests, objecting to two requests. . . . The Court agrees with Defendant City of Durham that said discovery requests are overbroad and unduly burdensome." (Id.)

Plaintiff objected to the June 11th Order, (Doc. 102), and the Magistrate Judge construed the objection as a motion for reconsideration, which in turn was denied. (July 13th Order.) Plaintiff thereafter filed additional pleadings requesting review of the Magistrate Judge's orders. (Docs. 106, 108.)

**II. ANALYSIS**

    **A. Plaintiff's Objections to the Magistrate Judge's Orders**

Plaintiff filed objections to the orders of the Magistrate Judge denying Plaintiff's motion to compel and motion for extension of the discovery period. Plaintiff's first objection, (Plaintiff's First Objection ("Pl.'s First Obj.") (Doc. 102)), to the Magistrate Judge's June 11th Order was apparently mailed on June 25, 2018, from Mountain View Correctional Institution.

(Pl.'s First Obj., Ex. 1 (Doc. 102-1).) This court will give Plaintiff, as a pro se prisoner litigant, the benefit of the doubt and find that Plaintiff's objection was filed within 14 days, pursuant to the prisoner mailing rule, as required by Fed. R. Civ. P. 72(a). While Plaintiff cited Fed. R. Civ. P. 72(a) in his objection, (Pl.'s First Obj. (Doc. 102) at 1), Plaintiff also requested that the court reconsider and grant Plaintiff's motions. (Id.) The Magistrate Judge reasonably construed that pleading as a motion for reconsideration and denied the motion. (July 13th Order.) Plaintiff thereafter filed a letter, which this court construes as an objection to the Magistrate Judge's ruling, requesting that the district court consider Plaintiff's objection to the ruling. (Doc. 106.) This court will find the letter timely filed. In that letter, Plaintiff reiterated his desire for review by the district court. (Id.)

The Magistrate Judge's orders denying Plaintiff's motions to compel and extend discovery are not dispositive of Plaintiff's claims. Courts have consistently found discovery motions to be nondispositive within the meaning of Fed. R. Civ. P. 72(a). See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered nondispositive of the litigation.") (citations and internal quotation marks omitted), cert. denied, 498 U.S.

846, (1990); see also Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1018 (5th Cir. 1981) ("[D]iscovery issues are by definition pretrial matters."); Fed. Election Comm'n v. Christian Coal., 178 F.R.D. 456, 459 (E.D. Va. 1998). The review of a magistrate judge's order regarding a nondispositive matter is governed by the "clearly erroneous" or "contrary to law" standard of review. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Regardless, even under a de novo review standard, this court finds the Magistrate Judge's orders proper.

With respect to the motion to compel, (Doc. 85), Plaintiff does not appear to dispute the fact that Defendant City of Durham responded to the questions set forth. (See Plaintiff's Reply regarding Motion to Compel ("Pl.'s Reply") (Doc. 97) at 2.) Once Defendant City of Durham responded, Plaintiff's only remaining basis upon which to compel responses appears to relate to Defendant City of Durham's objection and continuing refusal to respond to two of Plaintiff's requests. (See id. at 2-3.) As to these two requests, Plaintiff describes Defendant City of Durham's objections as based upon grounds that the information was confidential and the interrogatories were overly broad and unduly burdensome. (See id. at 3.) While this court does not generally approve of canned objections of this type, this court agrees with the Magistrate Judge that these two "discovery

-7-

requests are overbroad and unduly burdensome." (June 11th Order.)

The two discovery requests are fully set out by Plaintiff and will not be repeated here. (See Pl.'s Reply (Doc. 97) at 2.) First, the requests are far too broad in terms of the relevant time period, with the only limitation being "on or before October 21st, 2011." (Id.) Second, the requests are far too broad in scope; the requests include "any and all complaints" regarding "any Selective Enforcement Team member." (Id.) Plaintiff's complaint is limited to six members of the Selective Enforcement Team identified in the Second Amended Complaint as John Does 1-6. (Second Am. Compl. (Doc. 62) ¶¶ 6-11.) The allegations in the Second Amended Complaint are insufficient to permit Plaintiff to inquire as to "all complaints" as to "any Selective Enforcement Team member" prior to October 21, 2011. This court agrees with the Magistrate Judge that Plaintiff's motion to compel should be denied because the "discovery requests are overbroad and unduly burdensome." (June 11th Order.)

The Magistrate Judge also denied Plaintiff's motion to compel as moot because "Defendant City of Durham provided Plaintiff with responses to all five of Plaintiff's discovery requests . . . ." (Id.) This court agrees that Plaintiff's

-8-

motion to compel is moot, but not solely because Defendant City of Durham provided responses. This court finds Defendant City of Durham's delay completely unacceptable, at least based on the allegations contained in the record before this court. Defendant City of Durham's extreme delay in responding to discovery requests leaves open the question of whether expenses should be awarded to Plaintiff pursuant to Fed. R. Civ. P. 37.

Plaintiff alleges that he first served Defendant City of Durham with discovery requests in November 2017, after which no response was filed by the City. (Pl.'s Mot. to Compel (Doc. 85) at 1.) Plaintiff further alleges in his brief that he sent the requests to Defendant City of Durham again on January 8, 2018, and again no response was filed. (See Doc. 86.) Defendant City of Durham does not dispute these facts, and appears to acknowledge that complete responses were first filed on March 16, 2018. (Defendant City of Durham's Response to Motion to Compel Discovery (Doc. 89) at 1.) Thus, the record discloses that Defendant City of Durham ignored Plaintiff's requests for four months, did not file responses until approximately three weeks after discovery closed, and filed responses only after Plaintiff filed a motion to compel.

This type of conduct by Defendant City of Durham falls far outside the rules governing discovery. Fed. R. Civ. P. 33(b)(2)

requires answers to interrogatories within thirty days of service; similarly, Fed. R. Civ. P. 34(b)(2)(A) requires responses to requests for production of documents within thirty days of service. When, as occurred in this case, responses are disclosed only after a motion to compel is filed, Fed. R. Civ. P. 37 requires that the court order "the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion . . . ." Fed. R. Civ. P. 37(a)(5)(A).

Application of these rules to Defendant City of Durham's late disclosure suggests Plaintiff's motion to compel is not technically moot, as Plaintiff is entitled to recover expenses incurred filing the motion to compel. Nevertheless, Plaintiff has not requested expenses pursuant to Fed. R. Civ. P. 37(a)(5)(A). Furthermore, and as part of the relief granted by the Magistrate Judge in the June 11th Order, the Magistrate Judge granted Plaintiff's motion for entry of default, (Doc. 75), as to Defendant City of Durham. (June 11th Order.) Defendant City of Durham did not file an objection to Plaintiff's motion for entry of default, nor has Defendant City of Durham filed an objection to the Magistrate Judge's order entering default. Under these circumstances, this court finds

that the Magistrate Judge's order denying Plaintiff's motion to compel as moot is not clearly erroneous or contrary to law.

This court therefore affirms the Magistrate Judge's order denying Plaintiff's motion to compel.

Plaintiff's motion for extension of time to complete discovery, (Doc. 83), is premised upon Defendant City of Durham's failure to respond to discovery requests. (See generally Docs. 83, 84.) In light of Defendant City of Durham's delivery of responses to Plaintiff and the denial of the motion to compel, this court agrees with the Magistrate Judge that Plaintiff has "failed to set forth good cause for extending discovery." (June 11th Order.)

Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "This would require the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing an extension." 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice & Procedure § 1522.1 (2d ed. 1990). Although Plaintiff's pleadings may show Defendant City of Durham did not respond as required to discovery requests, Plaintiff's pleadings also disclose that Plaintiff failed to act diligently. Plaintiff waited three months to begin

discovery and then waited until the day before the discovery period ended to file requests with the court.

Finally, Plaintiff's pleadings fail to demonstrate what further discovery may be necessary and thereby justify an extension of the discovery period. (See Pl.'s Reply (Doc. 97)); see also Thacker v. Brady Servs., Inc., 367 F. Supp. 2d 882, 885–86 (M.D.N.C. 2005) (plaintiff must show good cause as to why additional discovery would be productive). The Magistrate Judge's order is not clearly erroneous or contrary to law and will be affirmed.

### B. The Recommendation dated July 13, 2018

Defendant Rosencrans filed a motion requesting dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), (Doc. 77), prior to completion of discovery and, following discovery, moved for summary judgment, (Doc. 93). Plaintiff filed responses to both motions, (Docs. 81, 96), and Defendant Rosencrans filed replies, (Docs. 87, 101). The Magistrate Judge entered a thorough Memorandum Opinion and Recommendation, (Doc. 104), analyzing Plaintiff's claims and Defendant's motions and recommending that the claims against Defendant Rosencrans be dismissed. (See Recommendation (Doc. 104) at 25.)

With respect to the Magistrate Judge's Recommendation, this court is required to "make a de novo determination of those

portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge . . . or recommit the matter to the [M]agistrate [J]udge with instructions." Id.

As described above, Plaintiff did not file specific written objections to the Magistrate Judge's Recommendation, but instead persisted in his objections to the Magistrate Judge's discovery orders. Under these circumstances and in the absence of any specific objection to the Recommendation, this court need not conduct a de novo review. See Fed. R. Civ. P. 72(b)(3)("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). This court finds the Magistrate Judge's Recommendation is neither clearly erroneous nor contrary to law and should be affirmed.

Nevertheless, because of the unusual history of this case, this court conducted a de novo review of the Magistrate Judge's Recommendation. This court finds the Recommendation should be adopted. Plaintiff has failed to present facts as to Defendant Rosencrans that would entitle Plaintiff to relief and the claims as to Defendant Rosencrans should be dismissed.

This action presents more than one claim for relief as to multiple parties. Although all claims as to Defendant Rosencrans will be dismissed under the terms of this order, this court will withhold entry of final judgment until such time as Plaintiff's claims as to the remaining parties are adjudicated. The remaining claims as to Defendants Lopez and Rose will be set for trial. Because default has been entered as to Defendant City of Durham, this court will direct the Clerk to set a hearing as to the entry of a default judgment as to Defendant City of Durham following trial of Defendants Lopez and Rose.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's orders (Text Order dated June 11, 2018, and Text Order dated July 13, 2018) are hereby **AFFIRMED** and that Plaintiff's motion to extend time, (Doc. 83), and Plaintiff's motion to compel discovery, (Doc. 85), are **DENIED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's Recommendation, (Doc. 104), is **ADOPTED. IT IS FURTHER ORDERED** that Defendant Rosencrans' motion to dismiss for failure to state a claim, (Doc. 77), and motion for summary judgment, (Doc. 93), are **GRANTED** and that Plaintiff's claims as to Defendant Rosencrans are **DISMISSED WITH PREJUDICE.**

The **Clerk** is hereby **DIRECTED** to set the remaining claims as to Defendants **JOSE LUIS LOPEZ, SR.,** and **DAVID TODD ROSE** for

trial. The Clerk is further **DIRECTED** to set a date, following the trial of Jose Luis Lopez, Sr., and David Todd Rose, for a hearing as to the entry of a **DEFAULT JUDGMENT** as to Defendant **CITY OF DURHAM** as a result of the Magistrate Judge's **ENTRY OF DEFAULT** by Text Order dated June 11, 2018.

This the 28th day of September, 2018.

/s/ William L. Osteen, Jr.
United States District Judge