IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRIAN JOSHUA BAKER,            )
                               )
       Plaintiff,           )
                               )
       v.                   )       1:14CV878
                               )
DURHAM COUNTY S.W.A.T. TEAM,   )
et al.,                        )
                               )
       Defendants.          )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendant City of Durham's Motion to Set Aside Entry of Default (Docket Entry 110) and Plaintiff Brian Joshua Baker's Motion to Amend to his Complaint. (Docket Entry 118.) Both parties filed responses. For the reasons stated herein, Defendant City of Durham's Motion to Set Aside Entry of Default should be granted. Also, Plaintiff's Motion to Amend his Complaint will be denied.

## I. PERTINENT BACKGROUND

Plaintiff, a prisoner of the State of North Carolina, filed this action pursuant to 42 U.S.C. § 1983 on October 20, 2014, against Defendants Durham County S.W.A.T. and Det. J.E. Franklin ("Franklin") of the Mebane Police Department, alleging that he was brutally beaten, assaulted, and illegally detained by the Durham S.W.A.T. Team during the course of the execution of a search warrant at his girlfriend's house. (Compl., Docket Entry 2 at 3-5.) On May 1, 2015, Plaintiff filed a motion to amend the Complaint. (Docket Entry 16.)

1

Plaintiff's motion was granted by Order dated May 28, 2015. (Docket Entry 17.) Plaintiff's Amended Complaint removed the named "Durham County S.W.A.T. Team" as a defendant and added "Durham S.E.T.," "City of Durham," and "Durham Police Department" (collectively "Durham Defendants") as defendants. (Docket Entry 18.)

Summonses were issued as to the three Durham Defendant on June 17, 2015. (Docket Entry 23.) Return of service was filed on August 10, 2015 as to Defendant "Durham S.E.T." and Defendant City of Durham. (Docket Entry 27.) Return of service was filed on August 10, 2015 as to Defendant "Durham Police Department." (Docket Entry 28.) Plaintiff filed a motion for entry of default as to all of the named defendants on September 3, 2015. (Docket Entry 29.) The claims against Defendant Franklin were subsequently dismissed on February 3, 2016. (Docket Entry 40.) Default was entered by the Clerk of Court as to the three Durham Defendants on February 8, 2016. (Docket Entry 41.) Given that "Durham S.E.T." and "Durham Police Department" are not legal entities capable of being sued, and because Plaintiff failed to comply with Rule 4(j)(2)(A) of the Federal Rules of Civil Procedure in effectuating service on the City of Durham, the entry of default was set aside as to the Durham Defendants on July 11, 2016. (Docket Entry 49.)

After re-issuing the summons and complaint to Defendant City of Durham in accordance with the Court's instructions, the City of Durham was ultimately served with the Amended Complaint, to which it responded to on December 14, 2016. (Docket Entry 59.) Plaintiff then filed a motion to file a second amended Complaint on January 9, 2017. (Docket Entry 60.) Plaintiff's motion was granted by Text Order on May 22, 2017. Newly-added

2

Durham-related Defendant Jose Lopez, Sr. was served on July 18, 2017. (Docket Entry 65.) Newly-added Durham-related Defendant David Todd Rose was served on August 7, 2017. (Docket Entry 72.) Defendant Lopez filed an answer to the Second Amended Complaint on August 1, 2017. (Docket Entry 67.) Defendant Rose filed an answer to the Second Amended Complaint on August 23, 2017. Newly-added Mebane-related Defendant, Dorothea Alene Rosencrans, also filed a response to the Second Amended Complaint on August 9, 2017. (Docket Entry 71.) The Second Amended Complaint had been filed with the Court contemporaneously with Plaintiff's motion to amend for a second time on January 9, 2017. (Docket Entry 62.) As this was a second amendment, Plaintiff was required to get leave of court pursuant to Rule 15(a)(2) in order to amend for a second time. Defendant City filed no objection to Plaintiff's request to amend his complaint for a second time, and leave was granted by the Court by text order on May 22, 2017.

Plaintiff filed a Motion for Entry of Default as to Defendant City of Durham on October 16, 2017. (Docket Entry 75.) Defendant City of Durham filed an Answer to Plaintiff's Second Amended Complaint on October 19, 2017. (Docket Entry 76.) Plaintiff subsequently served discovery on Defendant City of Durham on November 12, 2017. On March 2, 2018, Plaintiff filed a motion to compel the City of Durham to respond to his interrogatories and requests for production that had been served on November 12, 2017. (Docket Entry 85.) Defendant City of Durham served general responses and objections to that discovery, including 290 pages of responsive exhibits, on March 16, 2018. It also filed an opposition brief to Plaintiff's motion to compel on March 16, 2018, asserting that the

3

motion to compel had been made moot by Defendant's contemporaneously made responses and production. (Docket Entry 89.) In a June 11, 2018 Text Order, the Court denied Plaintiff's Motion to Compel. (Text Order dated 6/11/2018.) The Court noted that Plaintiff's motion was mooted by the fact that the City of Durham had responded to all five of Plaintiff's requests, objecting to two on grounds of overbreadth and undue burden, and the Court agreed with Defendant City of Durham that those two discovery requests were overbroad and unduly burdensome, and thus declined to compel the City of Durham to attempt to respond to them. (*Id.*) In that same text order, the Court granted Plaintiff's motion for entry of default against Defendant City of Durham, which had been filed on October 16, 2017. (Docket Entry 75.) The Court filed its Text Order granting Plaintiff's motion for entry of default on June 11, 2018. The District Judge affirmed the undersigned's Text Order granting Plaintiff's entry of default on September 28, 2018. (Docket Entry 109.) Defendant City of Durham filed its motion to set aside entry of default on October 3, 2018 (Docket Entry 110) and Plaintiff filed its third Motion to Amend his Complaint on November 7, 2018. (Docket Entry 118.)

## II. DISCUSSION

### A. Motion to Set Aside Entry of Default

Pursuant to the Federal Rule of Civil Procedure, "[t]he Court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). The Fourth Circuit has held that the factors used to determine if there is "good cause" to set aside an entry of default are "(1) whether the moving party has a meritorious defense, (2) whether it acts with reasonable

4

promptness, (3) the personal responsibility of the defaulting party, (4) the prejudice to the party, (5) whether there is a history of dilatory action, and (6) the availability of sanctions less drastic." *Payne v. Brake*, 439 F.3d 198, 205 (4th Cir. 2006). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir. 1969). It is will settled that it is within the discretion of the trial judge as to whether a Rule 55(c) motion should be granted or denied. *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

As to the first factor, in order to establish a meritorious defense, "all that is necessary . . . is a presentation or proffer of evidence, which if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Here, Defendant City of Durham sets forth a Federal Rule of Civil Procedure 12(b)(6) defense, a denial of the allegations contained in the Relief section of Plaintiff's Complaint which Defendant contends are contrary to the stated purposes of damages available to compensate persons for injuries caused by the deprivation of constitutional rights pursuant to 42 U.S.C. § 1983. Defendant also pleads all immunities, including but not limited to governmental immunity, qualified immunity, and the Eleventh Amendment. (*See* City of Durham's Answer and Defenses to First Amended Complaint, Docket Entry 59; City of Durham's Answer and Defenses to First Amended Complaint, Docket Entry 76). This factor thus weighs in the movant's favor.

The second and third factors weigh in Plaintiff's favor. As to the second factor,

whether a party has taken reasonably prompt action to set aside an entry of default "must be gauged in light of the facts and circumstances of each occasion." *Moradi,* 673 F.2d at 727. The undersigned granted entry of default in June of 2018, but Defendant did not move to set aside entry of default until October of 2018. Also, as to the third factor, counsel for Defendant City of Durham admits that responsibility for the late filing of her Answer to Plaintiff's Second Amended Complaint was totally her fault. She admits that she was on notice of the Court's entry of default on June 11, 2018. She offers no excuse for not promptly seeking relief from the Court. She states:

> Counsel has no justification for this inexcusable neglect other than being in-house municipal counsel, with a heavy workload, and her own conscious choice to prioritize other litigated matters and work demands over the case at bar. Counsel fully understands that attending to other demands for the City of Durham does not excuse her failure to properly attend to this case.

(Def.'s Br. at 10, Docket Entry 112.) Even as such, however, "courts have demonstrated some reluctance in penalizing a party for delay attributable solely to the errors of a party's representative, such as counsel." *Parks v. Disc. Box & Pallet, Inc.*, No. 5:12CV081, 2013 WL 662951, at *6 (W.D. Va. Feb. 22, 2013) (unpublished) (citations omitted).

Nevertheless, the remaining factors weigh in Defendant City of Durham's favor. As to the fourth factor, the undersigned finds that the default will not prejudice Plaintiff. It is well settled in the Fourth Circuit to decide cases on their merits. *Herbert v. Saffell*, 877 F.2d 267, 269 (4th Cir. 1989). In the case at bar, setting aside the default judgment will allow all Defendants involved in this case to proceed to trial at the same time. In this vain, proceeding

6

with one trial will be in the best interest of Plaintiff and Defendants, and will promote the interest of justice.

As to the fifth factor, there is not a history of dilatory action on the part of the City of Durham. The Court is mindful of the previous entry of default in this action against the City of Durham. However, given the nature of the circumstances surrounding the previous entry of default (particularly the issue of improper service), the Court cannot conclude that Defendant City of Durham has demonstrated a history of dilatory action. Also, Plaintiff filed a motion to compel discovery on March 2, 2018 after having served discovery on Defendant on October 19, 2017. (Docket Entry 76.) The motion was denied by Court after finding that Plaintiff's Motion was moot since Defendant City of Durham had responded to all five of Plaintiff's requests. (Docket Entry 75.) This also does not demonstrate a history of dilatory action by Defendant City of Durham.

As to the sixth and final factor, the Court concludes that there are less drastic sanctions available than defaulting against Defendant City of Durham altogether. Based upon the foregoing, the Court finds good cause to set aside the entry of default against Defendant City of Durham.

### B. Plaintiff's Motion to Amend Complaint

Plaintiff has filed a document entitled, "Motion to Amend Third Complaint and Summons." (Docket Entry 118.) Rule 15(a)(2) of the Federal Rules of Civil Procedure allows for amendment of pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). Granting a motion to amend is within the Court's discretion. *Foman v. Davis*, 371 U.S. 178,

7

182 (1962). The Fourth Circuit has stated that "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010).

The Court will deny Plaintiff's request. Over four years after Plaintiff filed his original complaint on October 20, 2014, he now seeks to file a Motion to Amend his Complaint, after having filed two previous amended complaints. In his third amended complaint, Plaintiff appears to make simple substitutions of named individuals for defendants that had previously been identified as "John Does." (*See generally*, Docket Entry 118-1.) It appears Plaintiff has been in receipt of the documentation identifying the "John Does" since March of 2018, but did not seek leave to amend his Complaint until November of 2018. (*See* Docket Entries 117 at 6; 120 at 2.) At this point, yet another amendment would be prejudicial to Defendants and delay upcoming trial proceedings scheduled to begin on April 1, 2019. Discovery concluded in this action in February 2018 and dispositive motions have been filed and ruled upon. If Plaintiff were allowed to proceed with the third proposed amended Complaint, additional discovery may be necessary as well. Plaintiff's motion is therefore denied.

### III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendant City of Durham's Motion to Set Aside Entry of Default (Docket Entry 110) be **GRANTED**.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Third Complaint and Summons (Docket Entry 118) be **DENIED**.

8

_____
Joe L. Webster
United State Magistrate Judge

January 4, 2019
Durham, North Carolina

9