```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

BRIAN JOSHUA BAKER,            )
                               )
          Plaintiff,           )
                               )
     v.                        )         1:14CV878
                               )
CITY OF DURHAM, et al.,        )
                               )
          Defendants.          )

## ORDER

This matter is before this court for review of the Recommendation filed on January 4, 2019, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 122.) In the Recommendation, the Magistrate Judge recommends that Defendant City of Durham's Motion to Set Aside Entry of Default (Doc. 110) be granted. The Recommendation was served on the parties to this action on January 4, 2019 (Doc. 123). Plaintiff timely filed objections (Doc. 124) to the Recommendation.

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge . . [O]r

recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objections were made and has made a de novo determination which, with one exception explained below, is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation.

This court modifies the discussion in the Recommendation as to any history of dilatory action on the part of the City of Durham. (See Doc. 122 at 7.) While this court agrees with the Magistrate Judge that the factors as a whole support setting aside the entry of default, this entry of default marks the second time the City of Durham has been dilatory in this case. While this court found Plaintiff's motion to compel was moot, (Doc. 109 at 8), this court also found

> Defendant City of Durham's delay completely unacceptable, at least based on the allegations contained in the record before this court. Defendant City of Durham's extreme delay in responding to discovery requests leaves open the question of whether expenses should be awarded to Plaintiff pursuant to Fed. R. Civ. P. 37.
>
> . . . Thus, the record discloses that Defendant City of Durham ignored Plaintiff's requests for four months, did not file responses until approximately three weeks after discovery closed, and filed responses only after Plaintiff filed a motion to compel.

> This type of conduct by Defendant City of
> Durham falls far outside the rules governing
> discovery.

(Id. at 8-9.) The dilatory conduct by Defendant City of Durham, including failing to file an answer and failing to respond to discovery, will not be countenanced by this court any longer. Defendant City of Durham is hereby **CAUTIONED** that further dilatory conduct will be addressed by the consideration of sanctions, to and including striking any answer and entering default in this matter.

Nevertheless, in spite of the foregoing, this court finds the Recommendation should be adopted.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation (Doc. 122) s **ADOPTED. IT IS FURTHER ORDERED** that Defendant City of Durham's Motion to Set Aside Entry of Default (Doc. 110) is **GRANTED.**

This the 11th day of February, 2019.

_____
United States District Judge